IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

Board of Trustees, National Stabilization )
Agreement of the Sheet Metal Industry )
Trust Fund, *et al.*, )
 )
              Plaintiffs, )
 )
    v. )    Civil Action No. 1:10cv463
 )
Accurate Installation Services, Inc., )
 )
              Defendant. )
_____)

**REPORT AND RECOMMENDATION**

This case is before the court on plaintiffs' motion for default judgment against defendant (docket no. 7). Process for defendant was served by private process server on June 9, 2010 (docket no. 4). No answer or other response to the complaint has been filed. The Clerk entered default on July 8, 2010 (docket no. 6).

Upon consideration of the well-pled allegations of the complaint, the motion for default judgment, and the exhibits submitted with the motion, the magistrate judge makes findings and recommendations as follows.

**<u>Jurisdiction and Venue</u>**

The court has subject matter jurisdiction under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132 and 1145); 29 U.S.C. §

185(a);[1] and 28 U.S.C. § 1331.  Venue is proper in this court under 29 U.S.C. § 1132(e)(2) (ERISA § 502(e)(2)) and 29 U.S.C. § 185(a).  The complaint alleges facts on which the court has personal jurisdiction over defendants under Va. Code § 8.01-328.1(A)(4).

## Fact Summary

Plaintiffs (collectively, the "Funds") are:  National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") (established under 29 U.S.C. § 186(c)(5)), Sheet Metal Workers' National Pension Fund ("NPF") (established under 29 U.S.C. § 186(c)(5)), International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI") (established under 29 U.S.C. § 186(c)(5)), National Energy Management Institute Committee ("NEMIC") (established under 29 U.S.C. § 186(c)(9)), and Sheet Metal Occupational Health Institute Trust ("SMOHIT") (established under 29 U.S.C. § 186(c)(5)).  Plaintiffs are all employee benefits plans or trust funds that are administered in offices located in Alexandria, Virginia.  Pls.' Comp. ¶¶ 4-10.  SASMI, NPF, and ITI are referred to as the "ERISA Funds."

Defendant is a Michigan corporation and also an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7), 1002(5), (11), and (12).  Defendant transacts business in the State of Michigan with an office in the same.  Pls.' Compl. ¶ 14.  Defendant is bound by a collective bargaining agreement (the "Labor Contract") with a Local Union of the Sheet Metal Workers' International Association, which requires it to submit monthly remittance reports and attendant fringe benefit contributions to the Funds.  Pls.' Compl. ¶¶ 16-23. Pursuant to the Labor Contract, defendant agreed to pay the Funds certain sums of money for each hour worked by employees of defendant covered by the Labor Contract.  Pls.'

---

[1] 29 U.S.C. § 185(a) creates federal jurisdiction to redress a breach of collective bargaining contracts without regard to the amount in controversy or the citizenship of the parties.

Compl. ¶¶ 16-23.

Defendant has failed to pay timely these contributions due and owing to the Funds on behalf of its employees for work covered by the Labor Contract performed at defendant's request for the months of January 2006 through February 2010. Pls.' Compl. ¶ 26. Defendant has also failed to pay liquidated damages and interest for its failure to make timely payments to the Funds for the same months. Pls.' Compl. ¶ 27. Payments due to the Funds are calculated separately for each plaintiff on remittance reports required to be prepared monthly by each contributing employer. Pls.' Compl. ¶ 19.

## Count I: Recovery Under ERISA by the ERISA Funds

The ERISA Funds have established that, as of June 30, 2010, defendant has failed to make payments which 29 U.S.C. § 1145 entitles the ERISA Funds to collect in the following amounts:[2]

| Fund | Contributions | Liquidated Damages | Interest |
|---|---|---|---|
| SASMI | $6,079.92 | $1,215.83 | $845.24 |
| NPF | $8,110.47 | $1,622.00 | $775.21 |
| ITI | $472.38 | $94.41 | $44.55 |
| **TOTAL** | **$14,662.77** | **$2,932.24** | **$1,665.00** |

While the ERISA Funds are entitled to relief under both the Labor Contract and ERISA, they do not seek a double recovery to which they are not entitled. Plaintiffs' proposed judgment order adequately and appropriately distinguishes among the amounts and theories of recovery, and sets out how a judgment in the aggregate amount recovered will be apportioned upon

---

[2] Interest is calculated through June 30, 2010.

collection.

## Count II: Recovery Under the Labor Contract

Plaintiffs collectively have established that defendant has failed to make payments due under the Labor Contract and 29 U.S.C. § 185 to the Funds in the aggregate amount of $14,859.57. Pls.' Mem. in Supp. of Mot. for Def. Judgm., p. 26. Consequently, pursuant to 29 U.S.C. § 185 and the Labor Contract, plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages;[3] (3) interest on contributions that were paid late or remain unpaid;[4] and (4) reasonable attorneys' fees and the costs of this action.

Plaintiff's computation of the amount of unpaid contributions is based on their reasonable estimates of contributions due for unreported periods based on other data that is available. This method has long been approved by this court in default situations in similar cases, and the magistrate judge finds it appropriate here.

Plaintiffs' liquidated damages are assessed as follows. Pursuant to the Labor Contract, if an employer fails to make contributions when they become due, plaintiffs may collect liquidated damages. For SASMI, liquidated damages are in an amount equal to 20% of the unpaid contributions. Pls.' Compl. ¶ 22. For the rest of the Funds, liquidated damages are in an amount equal to the greater of interest on all delinquent contributions or 20% of the unpaid contributions. Pls.' Compl. ¶ 21. The liquidated damages owed to the Funds for failure to timely submit

---

[3] Pursuant to Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C).

[4] Interest is assessed at the rate of 8.5% per annum from the date due through the date of *payment*. In this case, the parties have agreed to the rate in their contract rather than the statutory rate established under 28 U.S.C. § 1961. ERISA does not limit the ability of parties to a contract to increase obligations beyond the statutory floor. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. DCI Signs & Awnings, Inc.*, 2008 WL 640252, at *3 (E.D. Va. No. 1:08cv15, March 2008).

contributions are $2,971.47. Pls.' Mem. in Supp. of Mot. for Def. Judgm., pp. 26-27.

The Labor Contract also provides that interest on any delinquent contributions is calculated at a rate of 8.5% per annum. Interest accrues until payment is made. Calculated through June 30, 2010, the interest recovery is $1,683.55. Pls.' Mem. in Supp. of Mot. for Def. Judgm., pp. 26-27.

The following amounts are therefore due and owing under the Labor Contract:[5]

| Fund | Contributions | Liquidated Damages | Interest |
|---|---|---|---|
| SASMI | $6,079.92 | $1,215.83 | $845.24 |
| NPF | $8,110.47 | $1,622.00 | $775.21 |
| ITI | $472.38 | $94.41 | $44.55 |
| NEMIC | $118.07 | $23.55 | $11.13 |
| SMOHIT | $78.73 | $15.68 | $7.42 |
| TOTAL | $14,859.57 | $2,971.47 | $1,683.55 |

### Attorneys' Fees and Costs

Legal fees and costs total $3,093.18. Pls.' Mem. in Supp. of Mot. for Def. Judgm., ex. 8. Plaintiffs submitted a declaration from Jerome A. Flanagan detailing the attorneys' fees and costs incurred in this action. Pls.' Mem. in Supp. of Mot. for Def. Judgm., ex. 8. It supports the following recoveries:

| Attorneys' Fees | |
|---|---|
| Service | Rate |
| Counsel #1 | $180.00 |
| Counsel #2 | $180.00 |
| Counsel #3 | $180.00 |

---

[5] Interest is calculated through June 30, 2010.

| | |
|---|---|
| Paralegal #1 | $70.00 |
| Paralegal #2 | $70.00 |

Attorneys' fees, which total $2,459.00 are based on 16.8 hours of labor. Counsels' work on this case included, among other things, such activities as preparing the complaint, reviewing documentation and dockets, preparing the request to enter default and the declarations in support thereof, participating in relevant phone conferences, and drafting motions.

The documentation also supports recovery of the following costs:

| Costs | |
|---|---|
| **Filing Fee** | $350.00 |
| **Computer Research** | $102.80 |
| **Postage Charges** | $13.32 |
| **Photocopies** | $13.16 |
| **Service Fee** | $154.90 |
| **TOTAL** | $634.18 |

The magistrate judge has reviewed the declaration of Mr. Flanagan and finds that the amounts submitted are reasonable compensation and costs for work necessarily expended to enforce plaintiffs' rights. He further finds that plaintiffs have established that the Labor Contract and equity entitle them to this relief.

## Summary

The magistrate judge finds that the submitted pleadings and affidavits establish that plaintiffs are entitled to a default judgment and damages in accordance with the following:

| Total Amount Due | |
|---|---|
| **Delinquent Contributions** | $14,859.57 |
| **Liquidated Damages** | $2,971.47 |

| | |
|---|---:|
| **Accrued Interest** | $1,683.55 |
| **Attorneys' Fees** | $2,459.00 |
| **Costs** | $634.18 |
| **TOTAL** | $22,607.77 |

## Recommendation

The magistrate judge recommends that the court enter judgment against defendant and in favor of plaintiffs in the aggregate amount of $22,607.77.

## Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendants at their addresses for service of process, the parties are notified as follows. Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

January 7, 2011
Alexandria, Virginia